IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANGEL HURTADO, #514494, | ) |
| Petitioner, | ) |
| v. | ) Case No. 3:20-cv-00382 |
| | ) Judge Trauger |
| GLORIA FISHER, Warden,[1] | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

**I. Introduction**

Angel Hurtado, an inmate of the Debra K. Johnson Rehabilitation Center (DJRC) in Nashville, Tennessee, filed a pro se Petition for the Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1), seeking relief from her 2013 state-court conviction and sentence. The petitioner was convicted by a jury in Davidson County Criminal Court of three counts of aggravated child abuse, one count of reckless aggravated assault (as a lesser included offense of a fourth count of aggravated child abuse), and one count of aggravated child neglect. (Doc. No. 16-10 at 58–59.) She was sentenced to 25 years in prison. (Doc. No. 16-1 at 86–89.) She now challenges the legality of her conviction and sentence, asserting claims of trial-court error and violations of her Sixth Amendment right to counsel.

Upon initial review of the Petition, the court directed the respondent to file the state-court record and to respond to the petitioner's claims. (Doc. No. 7.) In her Answer (Doc. No. 17), the

---

[1] The petitioner's custodian (and the proper respondent here) is Gloria Fisher, Warden of the Debra K. Johnson Rehabilitation Center (formerly known as the Tennessee Prison for Women). *See* https://www.tn.gov/correction/sp/state-prison-list/debra-k--johnson-rehabilitation-center.html (last visited August 11, 2023). The Clerk is **DIRECTED** to change the docket of this case to reflect that the respondent is Warden Fisher.

respondent's first defense to the petitioner's claims is that the Petition was not timely filed under the applicable statute of limitations. While the petitioner did not file a reply to the Answer or otherwise respond to the respondent's assertion of the statute-of-limitations defense, she anticipated the defense at the time she filed the Petition. (*See* Doc. No. 1 at 11 (requesting tolling of the limitations period); Doc. No. 1-1 (styled "Response in reference to [Petition] Originally filed June 26, 2019").) Accordingly, the court considers the respondent's procedural defense to be fully briefed.

Review of the pleadings and the record reveals that an evidentiary hearing is not needed in this matter. *See Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001) (stating that evidentiary hearing is not required "if the record clearly indicates that the petitioner's claims are either barred from review or without merit"). Therefore, the court shall dispose of the Petition as the law and justice require. Rule 8, Rules Gov'g § 2254 Cases. As explained below, this action is barred by the statute of limitations and must therefore be dismissed.

## II. Procedural History

The petitioner appealed her 2013 conviction and sentence to the Tennessee Court of Criminal Appeals (TCCA). The TCCA affirmed, and the Tennessee Supreme Court denied discretionary review on May 14, 2015. *State v. Hurtado*, No. M2014-00180-CCA-R3CD, 2014 WL 7417763 (Tenn. Crim. App. Dec. 30, 2014), *perm. app. denied* (Tenn. May 14, 2015); (Doc. No. 16-22 at 58). The petitioner did not seek review in the U.S. Supreme Court.

The petitioner submitted a pro se petition for post-conviction relief in state court which was stamped "filed" on May 12, 2016.[2] (Doc. No. 16-22 at 59.) The trial court appointed counsel, who filed an amended petition. (*Id.* at 79–91.) After holding an evidentiary hearing, the trial court

---

[2] The post-conviction petition was signed and notarized on May 6, 2016. (Doc. No. 16-22 at 66.) It states that it was "given to prison authorities for mailing" three days later, on May 9, 2016. (*Id.*)

2

denied the amended petition. (*Id.* at 95–134.) The petitioner appealed the denial of post-conviction relief to the TCCA. The TCCA affirmed, and on March 27, 2019, the Tennessee Supreme Court denied the petitioner's application for permission to appeal the TCCA's decision. *Hurtado v. State*, No. M2017-00908-CCA-R3-PC, 2018 WL 6431769 (Tenn. Crim. App. Dec. 6, 2018), *perm. app. denied* (Tenn. Mar. 27, 2019); (Doc. No. 16-33).

This court received the Petition under § 2254 on May 4, 2020, accompanied by a "Response" (Doc. No. 1-1) in which the petitioner states that she "originally submitted her [Petition] in this Honorable Court on June 26, 2019," but was subsequently informed that the Clerk's Office had no record of that submission. (*Id.* at 1.) The Petition was signed and notarized on June 26, 2019, and includes the petitioner's declaration "under penalty of perjury . . . that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on June 28, 2019." (Doc. No. 1 at 12.) But the Response includes a copy of a July 30, 2019 notice from the Clerk's Office that the petitioner's filing fee payment was being returned because no corresponding case filing was found in this court. (Doc. No. 1-1 at 9.) In addition, after receiving a February 28, 2020 letter from the petitioner asking if the court would "accept another copy" of her "appeal [that] was mailed out on July 29, 2019" (*id.* at 4), the Clerk's Office sent a March 12, 2020 letter advising that "[t]he Court is not able to locate a case with your Petition for Habeas Corpus" and suggesting that the petitioner "review [her] records to see if [she] sent this letter to the wrong court." (*Id.* at 3.) The petitioner concludes her Response by requesting that her Petition be "tolled of time limits that would be imposed after the original[] filing date" (*id.* at 1), by which the court presumes she means to request tolling of the statute of limitations beginning June 26, 2019.

3

### III. Analysis

    A. <u>Timeliness of the Petition</u>

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104–132, 110 Stat. 1214 (1996), habeas petitions are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1); *Holland v. Florida*, 560 U.S. 631, 635 (2010). Here, as in most cases, the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Following the Tennessee Supreme Court's denial of discretionary review on May 14, 2015, the petitioner had ninety days in which to take the final step in the direct appeal process by filing a petition for writ of certiorari in the U.S. Supreme Court. Because she did not file such a petition, her conviction became final at the conclusion of this ninety-day period, on August 12, 2015. *Gonzalez v. Thaler*, 565 U.S. 134, 149 (2012); *Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009). The running of the statute of limitations is counted from the following day, August 13, 2015. *See* Fed. R. Civ. P. 6(a)(1)(A) (when computing a time period "stated in days or a longer unit of time . . . exclude the day of the event that triggers the period"); *Bronaugh v. Ohio*, 235 F.3d 280, 284 (6th Cir. 2000) (applying Rule 6(a)'s standards for computing periods of time to habeas filing).

The petitioner's one-year countdown for seeking habeas relief thus began nearly five years prior to the date the court received her Petition. However, "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2). Giving the petitioner the benefit of the doubt, the court deems her pro se post-conviction petition filed on May 9, 2016—the date she gave it over to prison authorities for mailing. (*See* Doc. No. 16-22 at 66); Tenn. Sup. Ct. R. 28, § 2(G).[3]

---

[3] It is not entirely clear whether a filing should be deemed made earlier when a Tennessee post-conviction filing is indisputably timely, as was the petitioner's in this case. *See Shade v. Washburn*, No. 3:19-cv-051,

The period of tolling under § 2244(d)(2) thus began on May 9, 2016 (the 269th day after the statute began to run) and continued until March 27, 2019, when the Tennessee Supreme Court declined to review the denial of post-conviction relief. The AEDPA limitations period resumed running the next day, on March 28, 2019. *Lawrence v. Florida*, 549 U.S. 327, 331–32 (2007). At that point, with 268 days having elapsed prior to the beginning of the tolling period, the petitioner had 97 days (365 minus 268) remaining—or until July 3, 2019—in which to file a timely federal habeas petition.

While the court did not receive the Petition in the mail until May 4, 2020, ten months after the limitations period expired, this date of receipt does not necessarily render the Petition untimely. Rule 3(d) of the Rules Governing Section 2254 Proceedings (hereinafter, "Habeas Rules") may apply to redeem an inmate's habeas filing that is received after the filing deadline has passed. That Rule, which memorializes in the habeas context the so-called "prison mailbox rule," provides as follows:

> **(d) Inmate Filing.** A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

Habeas Rule 3(d); *see*, *e.g.*, *Sawyers v. United States*, No. 3:05-0428, 2005 WL 3088580, at *1 n.2 (M.D. Tenn. Nov. 17, 2005) (applying identically worded rule to determine date § 2255 motion

---

2019 WL 3557872, at *1 n.1 (E.D. Tenn. Aug. 5, 2019) (noting that Tenn. Sup. Ct. R. 28, § 2(G) "does not specify the date" to deem filed a pro se prisoner's timely post-conviction filing). But because the TCCA has deemed a timely post-conviction petition filed when it was "presented to prison officials for mailing," *see Dowell v. State*, No. M2016-01364-CCA-R3-PC, 2017 WL 2859010, at *6 & n.3 (Tenn. Crim. App. July 5, 2017) (citing Tenn. R. Crim. P. 49(d) and Tenn. Sup. Ct. R. 28, § 2(G)), this court will do the same here. *See Lopez v. Tennessee*, No. 2:19-cv-00055, 2020 WL 836548, at *2 & n.1 (M.D. Tenn. Feb. 20, 2020).

was filed). In 2016, the Sixth Circuit analyzed language from the then-current version of Federal Rule of Appellate Procedure 4(c) that is identical to that of Habeas Rule 3(d) and clarified that, "[i]n cases where a prisoner has access to a legal mail system, and uses it" before the time for filing expires, the prisoner is not required to file the declaration or notarized statement referred to above; proof of deposit of the prisoner's paper into the legal mail system on or before the last day for filing is sufficient to take advantage of the rule. *United States v. Smotherman*, 838 F.3d 736, 738 (6th Cir. 2016).

Though it does not appear that the Sixth Circuit has answered the question of whether the prison mailbox rule applies when the alleged original mailing is never received, this court assumes that it does. *Accord United States v. Woosley*, No. CR 5:19-37-DCR-CJS, 2022 WL 17817349, at *3 (E.D. Ky. Nov. 18, 2022), *report and recommendation adopted*, No. CR 5:19-037-DCR, 2022 WL 17443596 (E.D. Ky. Dec. 6, 2022). Here, the case for timeliness under Habeas Rule 3(d) is supported by the petitioner's declaration in compliance with 28 U.S.C. § 1746[4] and the witness of a notary public, both of which were signed prior to the July 3, 2019 deadline. (*See* Doc. No. 1 at 12.) However, the declaration and notarization do not include the required "state[ment] that first-class postage has been prepaid." Habeas Rule 3(d). "The postage requirement is important: [M]ail bearing a stamp gets going, but an unstamped document may linger." *Leavy v. Hutchison*, 952 F.3d 830, 832 (6th Cir. 2020) (quoting *United States v. Craig*, 368 F.3d 738, 740 (7th Cir. 2004)); *see also Curney v. United States*, No. 17-2193, 2017 WL 6762223, at *1 (6th Cir. Nov. 28, 2017) (quoting *Craig*, *supra*). In both *Leavy* and *Curney*, the Sixth Circuit denied the benefit of the prison mailbox rule to an inmate's mailing which—like the Petition in this case—included a § 1746 declaration but lacked any evidence showing prepayment of postage. The same result obtains here.

---

[4] This statute simply allows an unsworn declaration, subscribed by the declarant "as true under penalty of perjury," to have the same effect as a sworn declaration. 28 U.S.C. § 1746.

6

Case 3:20-cv-00382    Document 20    Filed 08/15/23    Page 6 of 13 PageID #: 1907

The petitioner's declaration and notarization are thus insufficient to establish timely filing under Habeas Rule 3(d).

The only remaining question is whether the declaration/notarization-and-postage requirement is obviated because the DJRC had a "system designed for legal mail" that the petitioner succeeded in using on or before July 3, 2019, despite the fact that the court did not receive that legal mail. While the respondent has the ultimate burden of proving that the statute of limitations has run, initially "[t]he burden is on the party claiming entitlement to the prison mailbox rule to allege and prove that he or she made timely use of the legal mail system, if one is available." *United States v. Walker*, No. 12-CR-20287, 2020 WL 3498103, at *1 (E.D. Mich. June 29, 2020) (citing *Mitchell v. Medina*, 488 F. App'x 296, 299 (10th Cir. 2012)); *see Ray v. Clements*, 700 F.3d 993, 1009 (7th Cir. 2012) (applying prison mailbox rule to habeas petitioner whose alleged initial mailing was not received by the district court, and requiring him to "mak[e] a threshold evidentiary showing of timely delivery to a prison official"). "The date of deposit in the prison mail system is a question of fact on which the prisoner bears the burden of proof," requiring some additional evidence corroborating the prisoner's declaration "in cases where the purported filing is not received by the court." *Martin v. Warden, Belmont Corr. Inst.*, No. 2:21-CV-5102, 2023 WL 4042165, at *3 (S.D. Ohio June 16, 2023) (quoting *Ray*, 700 F.3d at 1011).

The record in this case establishes that the DJRC mailroom recognized the Petition as legal mail—it arrived in the Clerk's Office in an envelope stamped "LEGAL MAIL" that the prison "neither inspected nor [c]ensored." (Doc. No. 1 at 29–30.) However, the envelope does not indicate when the legal mail was received and designated as such by the prison mailroom, nor does the record otherwise support an inference that the petitioner used the legal mail system in time to claim timely filing under Habeas Rule 3(d). Indeed, the petitioner herself has introduced contrary

7

evidence, as her own "Response" accompanying the Petition indicates that "her legal work was mailed out" after her filing deadline. (Doc. No. 1-1 at 1.) This Response—a rejoinder to the Clerk's Office's notices that it had no record of any habeas petition filed by the petitioner—confirms that the five-dollar filing fee was not withdrawn from her trust fund account until July 15, 2019. (*Id.* at 1.) But more significantly, as proof that she mailed the Petition prior to July 15, the Response includes a copy of a November 2019 prison grievance in which the petitioner stated that it was not until she was placed in segregation on July 10, 2019, that her time-sensitive "appeal papers were mailed out from Unit 3 – B-pod"[5] but "somehow . . . did not make it to [their] destination." (*Id.* at 5, 7.) The petitioner alleges in this grievance that "negligence in the mailroom or in the unit where I lived" is to blame for the loss of her mail. (*Id.* at 5.) Notably, the unit where the petitioner lived when her "appeal papers were mailed out," Unit 3, is different from the unit where she lived when the Petition was signed and notarized, Unit 2. (*See* Doc. No. 1 at 1, 12.)

The Response also includes a copy of the prison mailroom supervisor's response to the petitioner's grievance, in which the supervisor acknowledges the potential for mistakes when inmate mail is given to a prison guard to be placed in the outgoing mail, but also reports that his "mail room log book states that [her mail] was sent out on 7/29/19 another one 10/21/19 and another one 12/5/19." (Doc. No. 1-1 at 8.) The petitioner's "corroborating" evidence, construed as favorably to her as possible, thus supports the inference that the Petition left her hands on July 10 and was either discarded by mailroom staff or delayed in leaving the mailroom until July 29, 2019, after which it was lost in the mail. That timeline is consistent with the petitioner's claim that she paid the filing fee on July 15, and with the notice of deficiency from the Clerk's Office dated July 30. It is, however, not consistent with timely filing on or before July 3, including by using the legal

---

[5] Presumably, this is a segregation unit at the DJRC.

8

mail system on June 28, as the petitioner declared. *Cf. Pratt v. Kowalski*, No. 19-1142, 2019 WL 7938069, at *3 (6th Cir. Nov. 13, 2019) (finding that, "[b]ecause there was no evidence in the record to refute [his] sworn assertion" that he used prison mail system prior to the deadline, petitioner's filing could reasonably be deemed timely).

Again, it is the petitioner's burden initially to prove that she is entitled to benefit from the prison mailbox rule. *See Ray*, 700 F.3d at 1009; *Walker*, 2020 WL 3498103, at *1. In this case, the petitioner has failed to carry that burden. Her declaration that she submitted her Petition to the prison mailing system on June 28, 2019, is insufficient to establish mailing on that date in the absence of a declaration that she also prepaid the postage required to mail it at that time, or in the absence of additional evidence that she successfully deposited it in the RJDC's legal mail system prior to the deadline.

Accordingly, the Petition must be considered filed contemporaneously with its May 4, 2020 reception in the Clerk's Office, and is therefore untimely by roughly ten months. The only remaining issue is whether the court should nonetheless reach its merits because the petitioner is entitled to equitable tolling of the limitations period.

B. <u>Equitable Tolling</u>

The expiration of the limitations period does not act as a jurisdictional bar to habeas relief; thus, the statute may be equitably tolled in appropriate cases. *Holland*, 560 U.S. at 645–49. However, the doctrine of equitable tolling is used sparingly and is typically applied "only when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (citing *Graham–Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552, 560–61 (6th Cir. 2000)). It is the petitioner's burden to show that she is entitled to equitable tolling, *Griffin v. Rogers*, 308 F.3d 647,

9

Case 3:20-cv-00382   Document 20   Filed 08/15/23   Page 9 of 13 PageID #: 1910

653 (6th Cir. 2002), a burden she may carry by showing "(1) that [s]he has been pursuing h[er] rights diligently, and (2) that some extraordinary circumstance stood in h[er] way and prevented timely filing." *Holland*, 560 U.S. at 649; *see also Stiltner v. Hart*, 657 F. App'x 513, 520 (6th Cir. 2016); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012) (extraordinary circumstance preventing timely filing must be "both beyond the control of the [petitioner] and unavoidable with reasonable diligence").

The respondent argues that the petitioner has not carried this burden, as she has failed to establish diligence or extraordinary circumstances preventing timely filing. (Doc. No. 17 at 17–18.) The respondent is correct on both counts.

While delay in filing caused by the fault of prison mailroom staff or by loss in the mail may qualify as extraordinary circumstances beyond the petitioner's control, such circumstances must be supported by "significant evidence" of mailroom misconduct, *Woosley*, 2022 WL 17817349, at *4, or significant evidence substantiating a lost petition's timely deposit with prison authorities. *Redmond v. United States*, No. 4:09-CR-16-HSM-SKL, 2016 WL 9330497, at *5 (E.D. Tenn. Mar. 7, 2016) (citing *Washington v. Ollison*, No. C 06-4490, 2007 WL 1378013, *3 (N.D. Cal. May 09, 2007)). As discussed above, such evidence is not present in this case. The petitioner merely speculates as to reasons why her original mailing "did not make it to its destination" (Doc. No. 1-1 at 7), and such speculative, "bare allegations are insufficient to toll the limitations period." *Gresham v. Capello*, 489 F. App'x 930, 932 (6th Cir. 2012).

Even if the court could find that the petitioner's segregation beginning July 10, 2019 constituted an extraordinary circumstance,[6] she has made no showing that such segregation began

---

[6] *But see Andrews v. United States*, No. 17-1693, 2017 WL 6376401, at *2 (6th Cir. Dec. 12, 2017) ("Courts have consistently held that general allegations of placement in segregation and lack of access to legal materials are not exceptional circumstances warranting equitable tolling, especially where a petitioner does

10

prior to the expiration of the limitations period. And even if the unidentified circumstances which led to her placement in segregation impacted her ability during the waning days of the limitations period to submit a Petition ready for mailing, "a component of the obligation to pursue rights diligently is not to wait until near a deadline to make a filing, then seek equitable tolling when something goes awry." *Schmitt v. Zeller*, 354 F. App'x 950, 951–52 (5th Cir. 2009) (citing *Johnson v. Quarterman*, 483 F.3d 278, 287–88 (5th Cir. 2007)); *see Lyons v. Emerick*, 187 F. App'x 219, 222 (3d Cir. 2006) (finding that prisoner was not reasonably diligent in "wait[ing] until the last minute[,] when his schedule was derailed by a delay[,] for the paperwork necessary to file his complaint in forma pauperis") (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005) ("Had petitioner advanced his claims within a reasonable time of their availability, he would not now be facing any time problem[.]")); *Bernal v. Davis*, No. MO:18-CV-00074-DC, 2018 WL 9815615, at *4 (W.D. Tex. Dec. 11, 2018) (finding that, regardless of whether the prison system caused confusion as to amount of postage necessary to mail petition, it "did not cause Petitioner to squander away his year-long AEDPA deadline until such time as any error in filing would be held against Petitioner," so equitable tolling is not justified); *see also Hernandez v. Holder*, 457 F. App'x 487, 493 (6th Cir. 2012) (finding that time for filing application for protected immigration status could not be equitably tolled where applicant "essentially waited until the eleventh hour to submit an application, but faults [the agency] for failing to process" it in time for filing before deadline). Nor did the petitioner demonstrate urgency or diligence after the fact, when she apparently waited until January and February 2020 to respond after receiving the court's July and October 2019 notices that no record of her habeas filing could be found. (*See* Doc. No. 1-1 at 4.) Such a "lack of diligence strongly cuts against [the petitioner's] request" for equitable tolling, as

---

not sufficiently explain why the circumstances he describes prevented him from timely filing a habeas petition.").

"[t]hose unwilling to help themselves are not compelling candidates for equitable assistance from the courts." *Thomas v. Romanowski*, 362 F. App'x 452, 455 (6th Cir. 2010).

Accordingly, despite asserting her "feel[ing] that she falls within the extraordinary circumstances to file under [AEDPA]" (Doc. No. 1 at 11), the petitioner has failed to demonstrate such circumstances or her own diligence in pursuing habeas relief. She is therefore not entitled to equitable tolling of the statute of limitations.

Finally, the petitioner makes no claim of actual innocence of the charges of conviction, such that the court could reach the merits of her Petition despite its untimeliness. *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) (allowing that actual innocence can operate in rare cases as an "equitable exception to § 2244(d)(1)," rather than grounds for tolling).

**IV. Conclusion**

For the reasons stated above, the petitioner is not entitled to relief under 28 U.S.C. § 2254 and this action is therefore **DISMISSED**.

Because this constitutes a "final order adverse to" the petitioner, the court must "issue or deny a certificate of appealability." Habeas Rule 11(a). A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a habeas petition is "denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 253 (6th Cir. 2017) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Because reasonable jurists could not find it debatable that the court is correct in its procedural ruling under the circumstances presented here, the court **DENIES** a certificate of

appealability in this case. The petitioner may, however, seek a certificate of appealability directly from the Sixth Circuit Court of Appeals. Fed. R. App. P. 22(b)(1).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge